**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:13-cr-00213-LJO-SKO |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL IN PART** |
| v. | (Docs. 15, 20) |
| BANIPAL BEDJAN, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Banipal Bedjan (Defendant) is charged in a two count indictment filed on May 16, 2013. Count one alleges Defendant knowingly and intentionally possessed Oxycodone on January 23, 2013, with an intent to distribute in violation of 21 U.S.C. § 841(a)(1). Count two charges Defendant with being a felon in possession of three firearms located at his parents' home on April 29, 2013, in violation of 18 U.S.C § 922(g)(1).

The charge in count one stems from Defendant's encounter with Officer Castro on January 23, 2013. Subsequently, on April 19, 2013, Officer Castro performed a traffic stop on the Defendant. No charges were filed as a result of this encounter. The events of January 23, 2013, and April 19, 2013, were used to obtain a search warrant for a home belonging to the Defendant's parents. The search was conducted on April 29, 2013, and three guns were located that are the basis for count two of the indictment.

This case is set for trial on December 16, 2014.

## III.  DISCUSSION

**A.  Legal Standards for Discovery**

**1.  Rule 16**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) (formerly Fed. R. Crim. P. 16(a)(1)(C)), the government must provide a criminal defendant with discovery of materials "which are within the possession, control, or custody of the government and which are material to the preparation of the defendant's defense." Fed. R. Crim. P. 16(a)(1)(E). However, a defendant must make a prima facie showing of materiality before he is entitled to obtain the requested discovery. *U.S. Santiago,* 46 F.3d 885, 894 (9th Cir. 1995) citing *United States v Mandel,* 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.; See also, U.S. v. Stever, 603 F.3d 747, 752* (9th Cir. 2010) (quoting *United States v. Santiago,* 46 F.3d at 893). Further, to show materiality, the evidence in question must enable the defendant to substantially alter the quantum of proof in his favor. *U.S. v. Marshall,* 532 F.2d 1279, 1285 (9th Cir. 1976), or be "relevant to the development of a possible defense." *U.S. v. Mandel,* 914 F.2d at 1219.

In *United States v Armstrong,* 517 U.S. 456, 116 S. Ct. 1480, 134 L.Ed.2d 687 (1996), the Supreme Court considered the parameters of Fed. R. Crim. P. 16(a)(1)(C). The Supreme Court held that defendants are entitled to the discovery of only those materials that are relevant to the defendant's response to the Government's case in chief:

> While it might be argued that as a general matter, the concept of a "defense" includes any claim that is a "sword," challenging the prosecution's conduct of the case, the term may encompass only the narrower class of "shield" claims which refute the Government's arguments that the defendant committed the crime charged. Rule 16(a)(1)(C) tends to support the "shield-only" reading. If "defense" means an argument in response to the prosecution's case in chief, there is a perceptible symmetry between documents "material to the preparation of the defendant's defense," and, in the very next phrase, documents "intended for use by the government as evidence in chief at the trial."

*Id.* at 462, 116 S. Ct. 1480.

Discovery of a defendant's statements are subject to the provisions of Rule 16(a)(1)(A) which provides as follows:

**(A)** **Defendant's Oral Statement.**  Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

**(B)** **Defendant's Written or Recorded Statement.**  Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

(i) any relevant written or recorded statement by the defendant if:
- the statement is within the government's possession, custody or control; and
- the attorney for the government knows – or through due diligence could know – that the statement exists;

(ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

(iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

**2.    Brady**

In addition to the government's discovery obligations under Rule 16(a), the government must also honor the defendant's constitutional due process rights under *Brady v. Maryland,* 373 U.S. 83, 86 S. Ct. 1194 (1963). In *Brady v. Maryland,* the United States Supreme Court held that "suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material to either guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady,* 373 U.S. at 87, 83 S. Ct. at 1194. *Brady* requires that the prosecutor turn over exculpatory evidence, whether substantive or for impeachment purposes, when such evidence is "material" to the defense and is in the government's possession. *United States v. Bagley,* 473 U.S. 667, 678, 105 S. Ct. 3375, 3381, 87 L.Ed.2d 481 (1985).

*Brady* obligates the government to disclose only favorable evidence that is "material." The "touchstone of materiality is a 'reasonable probability' of a different result." *Kyles v. Whitley,* 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995); *United States v. Jernigan,* 492 F.3d 1050, 1053 (9th Cir.2007). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *United States v. Bagley,* 473 U.S. at 682, 105 S.Ct. at 3385; *U.S. v. Price,* 566 F.3d 900, 912 (9th Cir.2009).

With the foregoing legal principles in mind, the Court now turns to Defendant's specific discovery requests.

### B.    Unresolved Discovery Disputes

**Paragraph 1(a):**  Any and all statements made by Mr. Bedjan during and related to the traffic stop on April 19, 2013, including statements made by Mr. Bedjan during any follow-up investigation and/or detention.

**Ruling**: This request is granted. Defendant's statements are discoverable in accordance with the provisions of Rule 16(a)(1)(A) and (B). The government is ordered to determine whether such statements exist, and if so, to produce such statements.

**Paragraph 3(h):**  Any documents and reports pertaining to the taking of Mr. Bedjan's blood following his arrest on April 19, 2013, including, but not limited to, any reports and notes generated by Nurse Bradford.

**Ruling:**  This request is granted in part. Such documents are discoverable only to the extent they contain information that may affect the validity of any statements made by Mr. Bedjan on April 19, 2013.

**Paragraph 3(i):**  Any and all photographs taken of Mr. Bedjan by law enforcement following the traffic stop on April 19, 2013, through to his release from custody.

**Ruling:**  This request is granted in part. Such photographs are discoverable only to the extent they contain information that may affect the validity of any statements made by Mr. Bedjan on April 19, 2013.[1]

---

[1] The Court notes that Exhibit B to the Government's Supplemental Opposition to Defendant's Motion to Compel (Government's Opposition) contains photographs which may be responsive to this request.

**Paragraph 3(k):**  Page 3 of the "Booking Register-Controlled Document" dated April 21, 2013.

**Ruling:**  This request is granted.  Pages 1 and 2 of this 3-page document are contained in Exhibit B to the Government's Opposition. The government is ordered to produce page 3 of this document to complete the discovery that was previously provided.

**Paragraph 3(l):**  Copy of the affidavit for the search warrant Judge N. Jacobs authorized via telephone for the retrieval of Mr. Bedjan's blood (Bates 94).

**Ruling:**  This request is denied.  Defendant generally asserts that there will be some significant credibility issues based on the results of the blood test, and the results of the test will be helpful in preparing the defense and this information is necessary to formulate the defense.  These conclusory assertions are not sufficient to satisfy the materiality requirement of Rule 16.  Defense counsel may request an *in camera* review of any additional information that would assist the Court in evaluating the "materiality" of the information sought.

**Paragraph 3(m):**  Forensic analysis all evidence seized from Mr. Bedjan's wallet following his arrest on April 19, 2013.

**Ruling:**  This request is denied.  Defendant generally asserts that there will to some significant credibility issues, and this information is necessary to formulate the defense and may contain impeachment material, but was unable to articulate any specific information to support this assertion.  These general assertions are not sufficient to satisfy the materiality requirement of Rule 16.  Defense counsel was unwilling to elaborate further at the hearing to avoid revealing client confidences and potential defenses; however, counsel may request an *in camera* review of any additional information that would assist the Court in determining whether this information is material to the preparation of the Defendant's defense.

**Paragraph 5(b):**  The identity of the Drug Recognition Expert (Bates 94), and a copy of any and all reports and notes generated by him/her upon evaluating Mr. Bedjan following his arrest on April 19, 2013.

**Ruling**:  This request is denied.  Defendant generally asserts that there is reason to believe the arresting officer's representations will be contradicted by other reports and his credibility will

5

be undermined.  These general and conclusory assertions are not sufficient to satisfy the materiality requirement of Rule 16.[2]

**Paragraph 7(b):**  All photographs, audio and video recordings of the traffic stop of Mr. Bedjan on April 19, 2013, and subsequent investigation of his vehicle.

**Ruling**: This request is granted in part.  The government is ordered to produce information that is discoverable pursuant to Rule 16(a)(1)(A) and (B) and information that was used as a basis for the issuance of the search warrant that was executed on April 29, 2013.

**Paragraph 8(c):**  A complete list of names of every law enforcement officer involved in the stop and subsequent vehicle search of Mr. Bedjan's Vehicle on April 19, 2013.

**Ruling**:   This request is granted in part.  The government is ordered to confirm whether the report contained in Exhibit B of the Government's Opposition responds to this request and to advise defense counsel so the court can revisit this issue, if necessary.

**Paragraph 8(d):**  All reports, rough notes, and audio and video recordings generated by any and all law enforcement officers identified in subsection (c) above pertaining to the stop and subsequent vehicle search of Mr. Bedjan's vehicle on April 19, 2013.

**Ruling**: This request is granted in part.  The government is ordered to produce information that is discoverable pursuant to Rule 16(a)(1)(A) and (B) and information that was used as a basis for the issuance of the search warrant that was executed on April 29, 2013.

**Paragraph 8(e):**  A complete list of the law enforcement officers who transported Mr. Bedjan to custody following his arrest on April 19, 2013.

**Ruling**:  Defendant's request is granted in part.  The Defendant generally asserts that the Defendant's and the officer's statements impact the defense's ability to challenge the probable cause for the search warrant.  This general and conclusory assertion is not sufficient to satisfy the materiality requirement of Rule 16.  The government is ordered to produce information which is discoverable in accordance with the provisions of Rule 16(a)(1)(A) and (B).  Defense counsel may

---

[2] Once again, counsel may, however, request an *in camera* review of any additional information that would assist the Court in determining whether this information is material to the preparation of the Defendant's defense.

6

request an *in camera* review of any additional information that would assist the Court in determining whether the information is material to the preparation of Defendant's defense.

**Paragraph 8(f)**:  All reports, rough notes, and audio and video recordings generated by any and all law enforcement officers identified in subsection (e) above pertaining to the transportation of Mr. Bedjan to custody.

**Ruling**:  Defendant's request is granted in part.  The government is ordered to produce information which is discoverable in accordance with the provisions of Rule 16(a)(1)(A) and (B).[3]

**Paragraph 8(g)**:  A complete list of the law enforcement officers who interviewed Mr. Bedjan after he was taken into custody following his arrest on April 19, 2013.

**Ruling**:  Defendant's request is granted in part.  The government is ordered to produce information which is discoverable pursuant to Rule 16(a)(1)(A) and (B).

**Paragraph 8(h)**:  All reports, rough notes, and audio and video recordings generated by any and all law enforcement officers identified in subsection (g) above pertaining to all interviews with Mr. Bedjan after he was taken into custody following his arrest on April 19, 2013.

**Ruling**:  Defendant's request is granted in part.  The government is ordered to produce information which is discoverable pursuant to Rule 16(a)(1)(A) and (B).

**Paragraph 8(i)**:  Any and all reports and notes regarding the field sobriety tests conducted on Mr. Bedjan following the vehicle stops on January 23, 2013 and April 19, 2013.

**Ruling**:  Defendant's request is granted in part.  The government is ordered to produce information which is discoverable pursuant to Rule 16(a)(1)(A) and (B).

**Paragraph 8(j)**:  All photographs, audio and video recordings of the multiple interrogations of Mr. Bedjan related to, and following his arrest on April 19, 2013.

**Ruling**:  Defendant's request is granted in part.  The government is ordered to produce information which is discoverable pursuant to Rule 16(a)(1)(A) and (B).

---

[3] At the hearing, defense counsel clarified that the reason for requests 8(e) through 8(j) was to obtain defendant's statements.

### III. CONCLUSION

For the foregoing reasons, Defendant's discovery requests are granted in part and denied in part. The government is ordered to provide discovery consistent with this order by no later than May 5, 2014. Counsel may request an *in camera* review of any documents to the extent necessary to ensure timely compliance with this discovery order.

A further discovery hearing is set for May 19, 2014, at 1:00 p.m. to address any remaining issues pertaining to this order.

IT IS SO ORDERED.

Dated: __**April 14, 2014**__                               __**/s/ Sheila K. Oberto**__
                                                                                   UNITED STATES MAGISTRATE JUDGE