BENJAMIN B. WAGNER
United States Attorney
Michael S. Frye
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**FILED**

MAR 16 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:13-CR-00213 LJO |
|---|---|
| Plaintiff, | |
| v. | |
| BANIPAL BEDJAN, | |
| defendant. | |

### AGREEMENT RE. DEFERRED ENTRY OF JUDGMENT

In consideration of the defendant's health condition, his willingness to acknowledge responsibility for his conduct, and to allow his demonstration of good future conduct and full compliance with all federal, state and local laws, the United States shall recommend to the Court that entry of judgment in this matter shall deferred for 24 months, until March 13, 2017.

The defendant agrees to enter a plea of guilty under the terms of the Memorandum of Plea Agreement (attached hereto) and agrees to postpone sentencing until March 13, 2017. If the defendant obeys all laws during this 24 month period he shall be entitled to withdraw his guilty plea and the government will dismiss the Indictment in this matter with prejudice. If the defendant fails to obey all laws he shall be sentenced according to the terms of the Memorandum of Plea Agreement.

The term "obey all laws" as used herein means all federal, state and local laws. A determination

of whether the defendant has violated a state, federal or local law will be according to a probable cause standard. An offense that can be charged only as an infraction will not be considered a "crime" within the meaning of this agreement.

Defendant agrees to waive, and does hereby expressly waive, any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of California, for the period of time that this Agreement is in effect.

The United States agrees that if defendant is in full compliance with all of his obligations under this Agreement, on or about March 13, 2017, the Government will not permit the defendant to withdraw his guilty plea and will dismiss with prejudice the Indictment against the defendant in this case.

Defendant understands that this Agreement to defer entry of judgment is subject to approval by the Court pursuant to Rule of Criminal Procedure 11(d)(2)(B). Should the Court decline to approve a deferred entry of judgment for any reason, the United States and defendant are released from any obligation imposed upon them by this Agreement.

**APPROVALS AND SIGNATURES**

A.  **Defense Counsel.**

I have read this Agreement re. Deferred Entry of Judgment and have discussed it fully with my client. This agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision agree to a deferred entry of judgment in this matter.

Dated: 3/6/15

_____
Attorney for Defendant

B.  **Defendant:**

I have read this Agreement re. Deferred Entry of Judgment and carefully reviewed every part of

Agreement re. Deferred Entry of Judgment                    2

it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights and the significance of deferred entry of judgment in my case. No other promises or inducements have been made to me, other than those contained in this agreement and those contained in the attached Memorandum of Plea Agreement in this matter. In addition, no one has threatened or forced me in any way to enter into this agreement or the Memorandum of Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 3/5/15

*[signature]*
Defendant

### C. Attorney for United States:

I accept and agree to this Agreement re. Deferred Entry of Judgment on behalf of the government.

Dated: 3/11/15

BENJAMIN B. WAGNER
United States Attorney

*[signature]*
MICHAEL S. FRYE
Assistant United States Attorney

### D. United States District Court Judge

Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw a plea of guilty after acceptance of the plea but prior to sentencing if the defendant can show a "fair and just reason for requesting the withdrawal." If the defendant complies with the terms of this agreement, this would constitute a "fair and just reason for requesting the withdrawal" of this plea and I would permit him to withdrawal his plea and allow the government to dismiss the Indictment with prejudice.

Dated: March 16, 2015

*[signature]*
UNITED STATES DISTRICT COURT JUDGE
Lawrence J. O'Neill

Agreement re. Deferred Entry of Judgment          3

BENJAMIN B. WAGNER
United States Attorney
Michael S. Frye
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:13-CR-00213 LJO |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM OF PLEA AGREEMENT |
| BANIPAL BEDJAN, | |
| defendant. | |

## I.   INTRODUCTION

**A.   Scope of Agreement.**

The Indictment in this case charges defendant Banipal Bedjan with the following crimes:

Count 1:  21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Oxycodone

Count 2:  18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm

This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant Banipal Bedjan ("defendant") in this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

///

Memorandum of Plea Agreement re.
Banipal Bedjan

1

**B. Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence his will receive.

## II. DEFENDANT'S OBLIGATIONS

**A. Guilty Plea**

The defendant will plead guilty to a violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Oxycodone Count, as alleged in Count 1. The defendant agrees that the facts set forth below (Factual Basis) are accurate and that he is in fact guilty of the charges against him.

The defendant acknowledges that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth below, shall be admissible against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

Memorandum of Plea Agreement re.      2
Banipal Bedjan

### B. Factual basis for plea

The defendant agrees that the following facts are the basis for the charge filed against him in the Indictment and that they are true:

- On January 23, 2013, the defendant was arrested in Modesto, California, and within the Eastern District of California, for possession of narcotics. Officers located inside his vehicle 82 pills, each containing 5 milligrams of Oxycodone, a Schedule II controlled substance.
- The defendant knew of the presence of the Oxycodone pills in his vehicle and that they contained a controlled substance.
- The defendant possessed the Oxycodone pills with the intent to distribute them to other persons.

### C. Violation of Plea Agreement by Defendant/Withdrawal of Plea.

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right (1) to prosecute the defendant on any of the counts to which he/she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of

Memorandum of Plea Agreement re.     3
Banipal Bedjan

1  limitations between the signing of this plea agreement and the commencement of any such prosecutions.
2  The defendant agrees not to raise any objections based on the passage of time with respect to such
3  counts including, but not limited to, any statutes of limitation or any objections based on the Speedy
4  Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as
5  of the date of this plea agreement.

6  In addition, (1) all statements made by the defendant to the government or other designated law
7  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,
8  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or
9  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no
10 claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal
11 Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by
12 the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.
13 By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III. THE GOVERNMENT'S OBLIGATIONS

#### A. Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty.

Count One: Possession with Intent to Distribute Oxycodone

The elements of this crime are as follows:

Memorandum of Plea Agreement re.                4
Banipal Bedjan

First: The defendant knowingly possessed Oxycodone;

Second: The defendant possessed Oxycodone with the intent to distribute it to another person.

The defendant fully understands the nature and elements of the crimes charged in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

**A. Maximum Penalty.**

The following is the maximum potential sentence that defendant faces:

Count One: Possession with Intent to Distribute Oxycodone [21 U.S.C. § 841(a)(1)]

(a) Imprisonment
Maximum: 20 years

(b) Fine
Maximum: $1,000,000

(c) Both such fine and imprisonment may be imposed.

(d) Term of Supervised Release
Maximum: 3 years to life
Should the Defendant violate any of the terms of his supervised release, he can be returned to prison the lesser of the term imposed or two years.

(e) Penalty Assessment
Mandatory: One Hundred dollars ($100.00)

## VI. SENTENCING DETERMINATION

**A. Statutory Authority.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the

Case 1:13-cr-00213-LJO-BAM Document 61 Filed 03/16/15 Page 9 of 12
Case 1:13-cr-00213-LJO-SKO Document 58 Filed 03/11/15 Page 9 of 12

Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

## VII. WAIVERS

### A. Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his/her guilty plea, conviction, and sentence. The defendant agrees as part of his/her plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

If the defendant ever attempts to vacate his/her plea/pleas, dismiss the underlying charges, or modify or set aside his/her sentence on any of the counts to which the defendant is pleading guilty, the government shall have the rights set forth in Section II.B herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

Memorandum of Plea Agreement re.     6
Banipal Bedjan

119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations.

### D. Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status as he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

### E. Forfeiture.

Defendant admits and agrees to forfeit to the United States voluntarily and immediately all right, title, and interest to any and all assets seized, including the listed seized firearms, pursuant to 18 U.S.C. §§ 984(d), 924(d)(1), 28 U.S.C. § 2461, and Fed. R. Crim. P. 32.2(b)(1), including but not limited to the following:

(1) One Marlin .22 caliber rifle, serial number 04169174;

(2) One Smith and Wesson .38 caliber revolver, serial number 6K92018; and

(3) One Smith and Wesson 44 magnum revolver, model 629-3.

Defendant agrees to fully assist the government in the forfeiture of any seized assets or assets later determined to be forfeitable and to take whatever steps are necessary to pass clear title to the United States. Defendant shall not sell, transfer, convey, or otherwise dispose of any such assets.

Defendant agrees not to file a claim, nor assist others in filing a claim, to any of the seized property in any criminal proceeding or civil proceeding, administrative or judicial, which has been or may be initiated. Defendant agrees to waive right to notice of any forfeiture proceeding involving such property.

Memorandum of Plea Agreement re. Banipal Bedjan

7

Defendant waives the notice provisions of Fed. R. Crim. P. 7(c) and 32.2(a), waives oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture, and waives any defenses to forfeiture, including any defense predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution. Defendant knowingly and voluntarily waives any right to jury trial in any criminal or civil forfeiture proceeding. Defendant knowingly and voluntarily waives any right to appeal any aspect of this plea and the forfeiture provisions contained therein, and the resulting forfeiture judgment(s).

## VIII.  ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.  APPROVALS AND SIGNATURES

**A.  Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.
Dated:

_____
Attorney for Defendant

**B.  Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

Memorandum of Plea Agreement re.
Banipal Bedjan

8

1  case. No other promises or inducements have been made to me, other than those contained in this plea
2  agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement.
3  Finally, I am satisfied with the representation of my attorney in this case.

4
5  Dated: 3/5/15                                         _____
6                                                         Defendant

**C.  Attorney for United States:**

8      I accept and agree to this plea agreement on behalf of the government.

Dated:                                              BENJAMIN B. WAGNER
                                                    United States Attorney

                                                    _____
                                                    MICHAEL S. FRYE
                                                    Assistant United States Attorney

Memorandum of Plea Agreement re.            9
Banipal Bedjan